This action was brought in the magistrate's Court to recover $14.76 damages to a shipment of furniture, in transit, from High Point, N.C., to Varnville, S.C. and for $5.25 overcharge in freight, and for $50 penalty for failure to pay the claim in 40 days. *Page 87 
The defendant demurred to so much of the complaint as asked for penalty of $50 on the grounds, in substance, that the statute under which this action is brought is unconstitutional because it amounts to a burden on and regulates interstate commerce, because it deprives the defendant of its property without due process of law, and because it deprives it of equal protection of the laws. The magistrate overruled the demurrer, and defendant answered, denying the allegations of the complaint, and the case was tried before the magistrate without a jury. From the testimony it appears that in the first week in March, 1912, the plaintiff ordered a carload of furniture from High Point, N.C., to be shipped to Varnville, S.C. The shipment was delivered to the Southern Railway Company, at High Point, N.C., to be transported over its line from High Point, N.C., to Allendale, S.C. and there delivered to the Charleston 
Western Carolina, the defendant, at which point the defendant received the shipment and transported it to Varnville, S.C. and there made delivery to the plaintiff, the consignee and owner and holder of the bill of lading.
The evidence shows: That the furniture was damaged in transit, but whether on defendant's line or not it does not appear. At the trial the defendant asked the magistrate to hold that the claim for $50 as a penalty as applied to an interstate shipment was a burden on interstate commerce. That the penalty act as applied to an interstate shipment was unconstitutional, null, and void. The magistrate refused to so hold, and gave judgment for plaintiff, for full amount claimed, and $50 penalty. The defendant appealed to Circuit Court, and his Honor, Judge Memminger, affirmed the judgment of the magistrate's Court. The defendant appeals, and questions the correctness of his Honor's ruling. These exceptions question the validity of the penalty act of February 23, 1903 (24 St. at Large, P. 81), as amended February 19, 1910 (26 St. at Large, p. 719), on the ground that said act as applied to an interstate *Page 88 
state shipment is unconstitutional and in conflict with the due process clause and the commerce act of the Federal Constitution. That it is a regulation of interstate commerce, and it is in conflict with the act of Congress as amended June 29, 1906. These exceptions should be sustained. The recent decisions of the United States Supreme Court, the final arbiter in such matters, and by whose decisions this Court is bound, clearly establishes the propositions: First, legislation of the States in regulation of interstate commerce was permissive only, permission being implied by failure of Congress to legislate, but the permission has been taken away by recent Federal legislation, especially the Hepburn act, and the Carmack amendment. Second, the provision "that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action be has under existing laws" refers to rights and remedies provided by Federal statutes, and necessarily excludes those provided by the State statutes. Third, the duties and liabilities of carriers in interstate commerce are provided by the Federal statute, and the regulations of the Federal statute supersede and annual all State statutes providing penalties for the failure to perform any duty or obligation incident to interstate commerce.
Transportation is declared by the Federal statutes to embrace all instrumentalities of shipment and carriage, including "all services in connection with the receipt, delivery, elevation and transfer in transit, ventilation and refrigeration, icing, storing and handling of property transported." The words italicized indicate the reason for holding that this case falls within the rule above set out, laid down by the Supreme Court of the United States in the following cases: Chicago etc. Railroad Co. v. HardwickElevator Co., 226 U.S. 427, 33 Sup. Ct. 174,57 L.Ed. 284; Adams Express Co. v. Croninger, 226 U.S. 491,33 Sup. Ct. 148, 57 L.Ed. 314; Kansas City, etc., RailroadCo. v. Carl, 227 U.S. 639, 33 Sup. Ct. 391, 57 L.Ed. 683; *Page 89 St. Louis etc. Railroad Co. v. Edwards, 227 U.S. 265,33 Sup. Ct. 262, 57 L.Ed. 506; M.K. T.R. Co. v. HarrimanBros., 227 U.S. 667, 33 Sup. Ct. 397, 57 L.Ed. 690. These cases so fully and conclusively cover the principle involved that it seems clear to me that the judgment should be reversed.
MR. JUSTICE GAGE was not on the bench when this case was decided.
NOTE: This case has been carried on writ of error to the United States Supreme Court.